

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Interest of | ) | |
| | ) | No. 40792-6-III |
| R.N.B., | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |

STAAB, A.C.J. — R.N.B.'s legal father appeals the court's order changing his visitation from monitored to supervised. He contends the court abused its discretion by applying the wrong legal standard and not making the required findings to support the order. The Department of Children, Youth, and Families (the Department) concedes and asks this court to vacate the order and remand for further proceedings. We accept the Department's concession to reverse the order and remand.

## BACKGROUND

At four years old, R.N.B. became a dependent child when an agreed order of dependency and disposition was entered in September 2024. R.N.B.'s legal—but not biological—father (the Father) last saw her when she was eight months old. The disposition order allowed the Father one monitored visit with R.N.B. per week. Between

August and September 2024, the Father had four visits with R.N.B. with no noted safety concerns.

In October 2024, the Department moved to modify the Father's visits from monitored to supervised until the Father's risk for committing a sexual offense could be assessed through a sexual deviancy evaluation. The Department based its motion on records containing prior allegations that the Father sexually assaulted a minor.

The trial court granted the Department's motion over the Father's objection. In its oral ruling, the court considered the bond between the Father and R.N.B. and the sexual assault allegations against the Father. It expressed "concern[ ] with a lack of a bond that could possibly be stronger" because the Father was not legally prevented from contacting R.N.B. Rep. of Proc. (RP) at 17-18. The court inferred that the Father "chose not to have contact with [R.N.B.] for a vast majority of her years." RP at 18. Considering the sexual assault allegations, the court acknowledged that the allegations "are pretty old" and that it was unclear whether or to what extent the allegations had been investigated. It then concluded that supervised visits were warranted because the Father and R.N.B.'s "connection is pretty limited" "there are concerns with regard to the sexual assault allegations" and the fact "they're old, does not mean that they aren't worthy of investigation." RP at 20. The court wanted to "do everything we can to make sure that the child remains safe." RP at 20.

2

The trial court's written order echoed its oral ruling but emphasized the lack of bond over the sexual assault allegations as the basis for its decision. It found:

> The Court finds good cause to grant the Department's motion to modify visitation from monitored to supervised. The Court noted that the father's status as the legal father is not determinate of his right to a specific level of visitation. However, the Court found great weight to the fact that [the] father has not visited the child for most of her life and has concerns for the level of a bond between them. The Court finds that due to the lack of a consistent pre-existing bond between the child and the father, it is in the child's best interest to have visitation modified to supervised until the father completes a sexual deviancy evaluation.

Clerk's Papers at 280.

## ANALYSIS

The Father contends the court erred by changing his visits from monitored to supervised when no evidence supports a finding that he presents a safety risk to R.N.B. The Father further contends the court erred by applying the wrong legal standard. The Department concedes and joins the Father in requesting the court order be vacated and remanded for further proceedings. We agree with the parties.

Juvenile courts have broad discretion in matters concerning a child's welfare, such as visitation. *In re Dependency of T.L.G.*, 139 Wn. App. 1, 15, 156 P.3d 222 (2007). A court abuses that discretion "if the facts do not meet the requirements of the correct standard." *Id.* at 16.

3

A parent and child have a right to visitation. RCW 13.34.136(2)(b)(ii)(A). "Visitation must . . . be unsupervised unless the presence of threats or danger to the child requires the constant presence of an adult to ensure the safety of the child." RCW 13.34.136(2)(b)(ii)(C). "Visitation may be limited . . . only if the court determines that such limitation . . . is necessary to protect the child's health, safety, or welfare." *Id.* The court's determination depends upon the Department "prov[ing] that visitation poses a current concrete risk to the child[ ]." *T.L.G.*, 139 Wn. App. at 18. "The legislatively-mandated risk of harm must be an actual risk, not speculation based on reports." *Id.* at 17.

Here, the order lacks the statutorily required determination that supervised visitation is necessary to protect R.N.B.'s health, safety, or welfare. Instead, the court incorrectly applied the "best interest of the child" standard. The order also fails to identify supporting evidence that the Father "poses a current concrete risk" to R.N.B., which is necessary to limit visitation. *Id.* at 18. The Department did not produce evidence of a current concrete risk; instead, it requested a sexual deviancy evaluation to assess *whether* the Father poses an actual, current, concrete risk to R.N.B. Because the facts do not meet the requirements of the correct standard, we conclude the court abused its discretion by changing the Father's visitation from monitored to supervised.

No. 40792-6-III
*In re the Interest of R.N.B.*

We reverse the order and remand for further proceedings.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Staab, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Murphy, J.